State of Mississippi v. McGinty et al.

---

### THE STATE OF MISSISSIPPI v. R. F. McGINTY et al.

1. SUITS AGAINST SOUTHERN SOLDIERS : ACT PROHIBITING, CONSTITUTIONAL. --The act of the legislature of 22d January,1861, which provides, " that it should be unlawful to commence or prosecute any suit or action for debt against any Southern soldier, called into active service by the authorities of this State, while he is or may be engaged in the military service of any of the Southern States," is constitutional.

2. ORDINANCE OF THE CONVENTION OF 1861, TO RAISE MEANS FOR DEFENCE

OF THE STATE, VOID IN VIRTUE OF THE ORDINANCE OF 1865.—By the ordinance of the convention of August, 1865, the fundamental act of the convention of 1861 was declared to be null and void, and all the acts and ordinances of that convention in direct furtherance of the secession of the State from the Union, necessarily were rendered void ; and the State can assert no legal right in court founded on those acts and directly proceeding from them.

ERROR to the Circuit Court of Jefferson county. Hon. James M. Smiley, judge.

The action was commenced in September, 1861. Defendant Hinds pleaded in abatement at the October term, 1861. A demurrer was filed to this plea in September, 1866.

Defendants McGinty and Burch demurred to the declaration in September, 1866. A statement of the case will be found in the opinion of the court.

*C. E. Hooker*, attorney-general, for plaintiff in error.

*J. B. Coleman* for defendant in error.

HANDY, C. J., delivered the opinion of the court.

This action was brought against the defendants in error, the principal and sureties on a bond executed by McGinty as tax-collector of Jefferson county, to recover moneys collected under the ordinance of the State convention of 1861, entitled " an ordinance to raise means for the defence of the State," the moneys sued for being a special tax imposed under that ordinance.

The principal and one of the sureties demurred to the declaration ; and the other surety pleaded in abatement that, at the time of the commencement of the suit, he was a Southern soldier duly enlisted and mustered into the service of the State of Mississippi, and actually engaged in the military service of said State, and had been called into actual service by the authorities of said State. To this plea the State demurred; and on the hearing of both demurrers, the former was sustained, and the latter was held to be insufficient in itself; but the error was

extended back to the declaration, which was adjudged insufficient, and judgment was given for the defendants. These rulings of the court are the errors here assigned.

1. No suggestion is made, in behalf of the State, of any ground on which the plea filed in this case was not valid; and we can perceive none, unless it be that the act of the legislature, on which it was founded, is unconstitutional.

But the act does not appear to us to be obnoxious to this objection. It is in effect a regulation in regard to process against parties who were so situated as, in the judgment of the legislature, to be disabled from giving their attention to suits which might be brought against them, and from protecting their interests therein. They were compelled to be in actual service in the army; and the nature of that service put it out of their power to attend courts, to consult counsel, and to attend to the various matters in which the protection of their rights in suits against them might require their personal attention. It was, therefore, just and proper that the right to sue them should be suspended; and it stands on the same principle as if it had been enacted that, during their absence from home, it should not be lawful to serve process upon them by leaving copies at their places of residence.

The suspension of such suits does not proceed on the purpose of depriving the creditor of the benefit of his legal right to sue, but on the just policy that the defendant was in the military service of his country, which, for the time, deprived him of the power to protect his private interest; and that, as he was in a state of legal duress, he should suffer no detriment in his rights which he was prevented by law from protecting.

Our statutes contain many recognitions of this principle, sometimes for the protection of defendants, and sometimes of plaintiffs. The exception of nine months after grant of administration, within which the administrator is not allowed to be sued, is on this principle; and of the same character are the provisions, that if any plaintiff shall at the time of the accrual of the cause of action be under the disability of infancy, coverture, imprisonment, idiocy, etc., or absence beyond the limits

of the United States on business of the State ; or shall be pro-hibited by law, or restrained, or enjoined from commencing or prosecuting any action, the time of such disability or restraint shall not be computed as part of the time of the running of the statute of limitations.    Rev. Code, 400, art. 12 ; ib. 402, art. 26. It appears, therefore, that the act worked no more injury to a plaintiff than would have arisen to a defendant by an enlarge-ment of the period of limitation in commencing an action, and that it stands on the same principle as a statute of limitations or one altering the mode of service of process.    We, therefore, consider it free from objection on the ground of constitutionality, and are of opinion that the demurrer to the plea should have been overruled.

2. The second assignment of error is also well taken.

The ordinance of the convention of 1861, under which the tax in question was levied, was an essential part of the proceed-ings of that body by which this State was declared to be with-drawn from the Union.    By the ordinance of the convention of August, 1865, the fundamental act of the convention of 1861 was declared to be null and void, and all the acts and ordinances of that convention, in direct furtherance of the seces-sion of the State from the Union, necessarily were rendered void.    Of this character, is the ordinance to raise means for the defence of the State in the position of independence assumed under the ordinance of 1861 ?    That act, and all the benefit and rights arising to the State, under it, became illegal and void in virtue of the ordinance of August, 1865, and must be so held as a legal question.    And the State, being the author of the act of secession and of the ordinance passed for the purpose of raising means in aid of it, can assert no legal right in court founded on those acts, and directly proceeding from them. This is the clear and unavoidable result, in a legal point of view, of the right of the State involved in the claim attempted to be recovered in this case ; and we are bound to hold that the demurrer to the declaration was properly sustained.    And the judgment must be affirmed.

Mr. Justice Ellett did not sit in this cause.